**CALDWELL et ux. v. ILLINOIS BANKERS' LIFE ASS'N. (No. 8407.)**

(Court of Civil Appeals of Texas. Dallas. Dec. 11, 1920. Rehearing Denied Jan. 8, 1921.)

Insurance ⬤⟿383 — **Provision of life policy exempting insurer from liability on insured's death in military service cannot be orally waived.**

Provision in life policy exempting insurer from liability, except for amount of premiums paid, in case the insured should die while engaged in military service, authorized by Vernon's Sayles' Ann. Civ. St. 1914, art. 4741, subd. 3, could not be orally waived, in view of further provision that the policy constituted the entire contract between the parties, required by article 4953, and provisions of article 4954, that life insurance company or agent should make no agreement as to policy not expressed therein.

Appeal from District Court, Henderson County; John S. Prince, Judge.

Suit by W. R. Caldwell and wife against the Illinois Bankers' Life Association. Judgment for defendant, and plaintiffs appeal. Affirmed.

E. P. Miller and A. B. Watkins, both of Athens, for appellants.

J. J. Faulk and W. L. Faulk, both of Athens, and Pat. M. Neff, of Waco, for appellee.

TALBOT, J. This suit was brought by the appellants on a life insurance policy issued by the appellee to John B. Caldwell on the 30th day of June, 1917, in the sum of $1,000 for the benefit of his mother, Mrs. Texana Caldwell, one of the appellants herein. The appellants in their original petition declared on the policy of insurance, showed that payment had been demanded and refused, and prayed judgment for the amount of the policy, 12 per cent. damages, and $150 as attorney's fees. The appellee answered, admitting that it had issued the policy sued on and had received from the insured, John B. Caldwell, the premium therefor. It pleaded specially that—

"said policy states on its face, which was well known to assured when he accepted same, that the policy was not binding while the assured was in the service of the army of any government; that said assured, John B. Caldwell, died while in the service of the army of the United States, and on this account defendant is relieved of liability on said policy, except the sum of $7.50 paid it by assured, which it has tendered and now tenders in court to plaintiffs."

These matters were pleaded in bar of plaintiffs' cause of action, with prayer that plaintiffs recover nothing, and that appellee be discharged, with its costs. To the defense pleaded the appellants replied by supplemental petition, in substance, that it was true that the policy sued on contained a provision that "death while in the service in the army or in the navy of any government is not a risk covered at any time during the continuance of this policy, for any greater sum than the amount actually paid to the company on account of this policy," but averred that at the time of the making of said contract of insurance, and prior thereto, and at the time of the execution and delivery of said policy to the deceased, appellee waived the said provision, and agreed that same should not be of binding force and effect; that appellee, at the time of the issuance of the policy, knew that the assured had been called, under the laws of the United States and under the proclamation of the President of the United States, to service in the war then pending between the government of the United States and Germany and other nations; that appellee had examined the application of the deceased, John B. Caldwell, for insurance, and knew at that time that he was within the lawful ages for enrollment, and that he had been registered on June 5, 1917, for military service in the army; that John B. Caldwell, by his written application for the insurance, advised the appellee that he was 22 years of age, unmarried, without physical disqualification, without dependents, and that it was merely a matter of a few days when he would be inducted into the service.

Appellants further averred that the appellee knew that it was the intention and purpose of the insured, John B. Caldwell, at the time the aplication was made for life insurance and at the time the policy was issued, to enter the service within a few days, and that he did so enter on the 6th day of September, 1917; that appellee's agent, who solicited the insurance, took the application therefor, and delivered the policy, was thoroughly advised and knew that the insured, at the time he was enlisted, was without exemption from service in the army, and knew that he intended and expected to enter the army in a few days, and, so knowing, insisted upon insuring the said John B. Caldwell and receiving the premium for same; that appellee and its said soliciting agent, knowing all these facts, and knowing that the said John B. Caldwell would not be insured if said provision referred to was insisted upon by them, did solicit and obtain said insurance, whereby and by reason of all of said facts appellee waived said provision and condition of the policy set up in bar of appellants' recovery. Appellants further charged in their supplemental petition that it was the custom of the appellee to solicit and receive applications of enlisted men in the army, who it knew would shortly be subject to the risk and hazard forbidden by said provision and condition so pleaded by appellee, and to insure

such parties notwithstanding such provision; that it continued to insure such parties without informing them that said provision of said policy would be insisted upon and enforced, but received the premiums therefor with the specific, as well as the implied, assurance that they were in fact being insured for the sums specified in the policies, notwithstanding such provision and condition; that appellee did specifically and by its printed orders direct its agents, and particularly the agent who solicited and took the application of the said John B. Caldwell for the policy in suit, to inform the public, and particularly said John B. Caldwell, that the provision and condition in question was waived and not to be held in force, etc.

To appellants' supplemental petition appellee pleaded general and special demurrers and a general denial. The case was submitted to the court without the intervention of a jury, and judgment rendered in favor of the appellee. From this judgment the appellants appealed.

The court made and filed conclusions of fact and law to the following effect:

The appellee issued the policy sued on. The premiums were paid, and the insured died November 29, 1917. Demand was made for payment of the policy and refused. The agreed attorney's fee of $150 for prosecuting the suit was reasonable. The deceased registered for duty in the military draft on June 5, 1917, and he entered the military service on September 6, 1917, and was in the military service of the United States at the time of his death. The appellee's "local agent, Mr. Hutchinson, knew, and therefore the appellee knew," the insured was engaged in military service, and, knowing that fact, retained the premiums paid by him and demanded additional premiums. The insured was not in actual military service when the policy of insurance was issued and delivered to him, "unless the registration for military service placed him in the service, which I conclude it did not." The appellee's local agent, Mr. Hutchinson, represented to the insured, John B. Caldwell, that the appellee would not be liable in case of his death in military service while in the United States or abroad, but that if he, the insured, went to France, or out of the United States, he would have to pay an additional premium, and this representation was made to others. At the time appellee's agent, Hutchinson, solicited the insurance from the insured, Caldwell, and others, he exhibited to them a book or pamphlet which had printed on the back thereof "Illinois Bankers' Life Association," and said agent read from said book that, if the party should go to the army or become enlisted, the policy would not be forfeited; the only limitation mentioned being that the premium might be increased. The appellee tendered to the appellants herein $11.50, and before the beginning of the trial of this case paid into the registry of the court $11.50; the same being the amount of the premium received by appellee.

The court concluded, as a matter of law, "that no declaration of the local agent not embraced in the policy, would bind the company" (appellee), that the clause contained in the policy to the effect that the appellee was exempted from liability in case the insured died while engaged in military duty precluded a recovery in the case by the appellants, and that judgment ought to be rendered for the appellee.

Appellants' assignments of error assert the following propositions:

The court erred in holding that the appellee, after having notice that the insured was within lawful age and sound in body and mind, and had been duly called and enrolled in the army of the United States on the 5th day of June, 1917, and thereafter on the 30th day of June, 1917, voluntarily made the contract of insurance with the insured, John B. Caldwell, did not thereby waive its right to insist upon the exemption of "service in the army and navy"; that the court erred in holding that all the provisions of the insurance policy must be held to be in force and binding upon the parties when it is specially provided by statute (article 4741, § 3) that the provisions relating to military duty might at the option of the appellee be waived; that the court erred in not holding that the appellee, under the facts in evidence and incorporated in his findings, was estopped from insisting on the clause in the policy of insurance, exempting it from liability in case the insured died while in the army or navy; that the clause of the policy as to the exemption of the appellee from liability in case the insured entered the service of the army or navy, being made for the benefit of the appellee and not for any benefit of the insured, and the appellee having retained the premiums paid, and having continued to demand the payment of further premiums after being informed of the induction of the insured into the active military service of the army, the court erred in holding that the contract of insurance was not thereby ratified and the said exemption clause waived; that, the court having found as a fact that Hutchinson, the appellee's agent, had, at and about the time it sold the insurance to John B. Caldwell, informed and assured the said Caldwell and others that in view of the war, and the fact that a great number of their policies would lapse, the appellee "waived and passed over" the military clause of the policy, and having found that the said agent exhibited and read to the insured out of a book of the appellee to the effect that "should the insured go to the army the policy would not be forfeited, erred in holding that such facts, which became the sole inducement to the insured to make the contract of insurance, was not binding on the appellee, and that they had the right to thus

induce the taking out of the insurance, and get and keep the insured's money, and give him no insurance."

The foregoing substantially sets forth the contentions of the appellants, and they very earnestly, and with apparent confidence of the correctness of their claims, insist that the judgment of the trial court be reversed and judgment here rendered in their favor.

The facts as shown by the record present a cause which strongly appeals to this court for a reversal and rendition of judgment as urged by the appellants; but, under the applicable law as we understand it, we would not be authorized to take such action, and therefore feel constrained to hold that the disposition made of the case by the trial court is correct. The policy sued on, under "restrictions as to occupations" contains the following provision:

"It is expressly provided that death while in the service in the army or navy of any government is not a risk covered at any time during the continuance or reinstatement of this policy for any greater sum than the amounts actually paid to the company on account of this policy"

—and under "Incontestability" contains this provision:

"This policy shall be incontestable two years after its date, except for nonpayment of premiums or death while engaged in or caused by violation of law, or while in the service in the army or navy of any government, which is not a risk covered at any time during the continuance or reinstatement of this policy, for any greater sum than the amounts actually paid to the association thereon."

The deceased, Caldwell, as found by the court, registered for duty in the military draft on June 5, 1917, entered the military service of the United States government on September 6, 1917, and was in such service at the time of his death, which occurred November 29, 1917, or December 1, 1917. The policy sued on was issued June 30, 1917, and article 4953, Vernon's Sayles' Civil Statutes, declares:

"Every policy of insurance issued or delivered within this state on or after the first day of January, 1910, by any life insurance company doing business within this state, shall contain the entire contract between the parties, and the application therefor may be made a part thereof."

Article 4741, subd. 3, of said statute, declares that no policy of life insurance shall be issued or delivered in this state unless the same shall contain a provision to the effect—

"that the policy, or policy and application, shall constitute the entire contract between the parties and shall be incontestable not later than two years from its date, except for nonpayment of premiums; and which provision may or may not, at the option of the company, contain an exception for violations of the conditions of the policy relating to naval and military services in time of war."

In addition to the foregoing provisions of the statute it is provided in article 4954, that no life insurance company doing business in this state or agent thereof shall make any contract of insurance or agreement as to such contract other than as expressed in the policy issued thereon. The appellee fully complied, it seems, with the foregoing statutory provisions in preparing and issuing the policy in suit, and neither fraud, accident, or mistake therein is alleged; the claim being that by reason of the facts alleged in appellants' supplemental petition the appellee waived the provisions of the policy set up in bar of a recovery. The appellee availed itself of the privilege granted by the statute of inserting in the incontestable clause of the policy an exception for violations of the conditions thereof relating to naval and military services in time of war, and appellant Mrs. Texana Caldwell, as beneficiary, must take the contract as the insured, her son, made it and be bound thereby. It contains no waiver of the provision in the policy:

"That death while in the service in the army or navy of any government is not a risk covered at any time during the continuance or reinstatement of the policy for any greater sum than the amounts actually paid the association thereon."

And we think no such oral or verbal waiver as is relied on by appellant, however clearly established, would, in the face of the written provisions of the policy and the law applicable thereto, furnish a basis for or authorize a judgment against appellee for the amount claimed in this suit. Subdivision 3 of article 4741 of the statute declaring that every insurance policy issued or delivered in this state shall embody certain named provisions, absolutely requires, as we understand it, that such policy, shall contain a provision to the effect that the policy, or the policy and application, constitute the entire contract of the parties and shall be incontestable not later than two years from its date, except for nonpayment of premiums, but that the insurance company should have the right to contract at its option as a further exception to the incontestable clause of the policy, that it would not be liable if death of the insured occurred while he was in the service in the army or navy for a greater sum than the premiums paid. The statute in question does not, of course, require insurance companies to have a provision in policies issued or delivered by them in this state to the effect that death while in the service in the army or navy is not a risk covered by the policy, and hence there was no occasion to grant to such companies, by the terms of the statute, the privilege or option to waive and exclude from such contracts such a provision.

In no part or section of article 4741 do we

find, as is contended by the appellants, authority given insurance companies to waive, at their option, the conditions of the policy relating to naval and military services in time of war, and therefore the question as to whether or not section 3 of said statute "will prevail over the general law about policies including everything" does not arise. The law is therefore without qualification or exception that the policy shall contain the entire contract between the parties, and we find no warrant in the statute for the contention that a part thereof may be left out, or that a part which is contained therein may be verbally waived. Whatever the exception authorized by section 3 of the statute may be, it is manifest that such exception must be expressed in a written provision of the policy, and cannot be shown by parol. This is true, whether the waiver claimed be attributable to the words and acts of the agent who solicited the insurance or to the company itself; for, as pointed out above, it is declared in article 4954 of the statute that neither the company nor any agent thereof may make any contract of insurance or agreement as to such contract other than as expressed in the policy issued thereon.

It follows that, whether the waiver insisted upon by the appellants is chargeable to the appellee or its agent who solicited and induced the taking of the insurance in question, the appellants, by reason of the provision in the policy exempting the appellee from liability except for the amount of the premiums paid in case the insured should die while engaged in military service, are precluded a recovery. The principle that a forfeiture is waived when an insurance company enters into a contract of insurance with knowledge, through any of its authorized agents, of facts which would work a forfeiture, is not applicable here. The policy sued on does not provide for a forfeiture at all, and the assured, Caldwell,

"had the right to pay the premium and continue the policy in force while he was in the military service of the government, notwithstanding the exemption of the company from liability for death occurring during the period of that service, and the mere acceptance by the company of the premium with knowledge of the fact that the assured was in [or would soon enter] the military service of the government, did not constitute a waiver of the stipulation in regard to exemption. In other words, when the assured paid his premium, his policy was kept in force, and would have remained in force, if the assured had survived the period of his service in the army." Miller v. Illinois Bankers' Life Association, 138 Ark. 442, 212 S. W. 310, 7 A. L. R. 378.

The case is not, in our opinion, ruled by any case cited by appellants. What we have said, is a complete answer to the propositions urged by the appellants and the arguments advanced in support thereof, and further discussion will, in our opinion, serve no useful purpose.

Believing that the trial court was correct in its decision, the judgment is affirmed.